UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSTAFFA MANSOUR,<br><br>        Plaintiff,<br><br>   v.<br><br>NORTH KERN STATE PRISON, et al.,<br><br>        Defendants. | Case No. 1:22-cv-01054-EPG (PC)<br><br>ORDER DIRECTING SERVICE OF SUBPOENA BY THE UNITED STATES MARSHALS SERVICE WITHOUT PREPAYMENT OF COSTS<br><br>(ECF No. 15)<br><br>ORDER DIRECTING CLERK TO ATTACH COPY OF SUBPOENA TO THIS ORDER |

    The Court previously allowed Plaintiff to issue a subpoena to the San Diego County Sheriff for the video recording[1] from San Diego Sheriff's Bus 24245 that was made on May 25, 2022, at around 8:00 a.m., as well as the list of inmates that were transported on that bus. (ECF Nos. 11 & 14). Plaintiff has now completed and returned the subpoena and USM-285 form.[2]

    As the response date listed by Plaintiff in the subpoena has already passed, the Court

---

[1] Plaintiff may be required to coordinate with the Litigation Coordinator at his institution of confinement in order to view the video recording.

[2] The Court notes that, in concurrently filed notice indicating his new address, Plaintiff alleges that staff at his current institution of confinement opened his legal mail. (ECF No. 16, p. 1). However, Plaintiff does not ask for any form of relief. Moreover, while it is not clear, Plaintiff appears to be alleging that staff opened mail sent from the Court, which is not legal mail. Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017) ("Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail.") (citation and internal quotation marks omitted).

will extend the response date.  The Court will give the San Diego County Sheriff twenty-one days from the date of service of the subpoena to respond to the subpoena.  Additionally, any responsive records may be mailed to Plaintiff at his current address.

Further, while the Court allowed Plaintiff to subpoena the video recording from San Diego Sheriff's Bus 24245 that was made on May 25, 2022, at around 8:00 a.m., as well as the list of inmates that were transported on that bus, the Court did not allow Plaintiff to inspect premises.  Therefore, the San Diego County Sheriff is not required to allow Plaintiff to inspect any premises.

Finally, the Court will direct the United States Marshal Service to serve the subpoena on the San Diego County Sheriff.

Accordingly, it is HEREBY ORDERED that:

1. The San Diego County Sheriff has TWENTY-ONE (21) DAYS from the date of service of the subpoena to respond to the subpoena.
2. Any responsive documents may be mailed to Plaintiff at his current address: Mustaffa Mansour, BS-3499, Ishi Conservation Camp 30500 Plum Creek Road Paynes Creek, CA 96075.
3. The San Diego County Sheriff is not required to allow Plaintiff to inspect any premises and is only directed to produce the video recording from San Diego Sheriff's Bus 24245 that was made on May 25, 2022, at around 8:00 a.m., as well as the list of inmates that were transported on that bus.
4. The Clerk of Court shall forward the following documents to the United States Marshals Service:
    a. One (1) completed and issued subpoena *duces tecum*;
    b. One (1) completed USM-285 form; and
    c. Two (2) copies of this order, one to accompany the subpoena and one for the United States Marshals Service.
5. The Clerk of Court is directed to attach a copy of the completed subpoena *duces tecum* to this order.

6. Within TWENTY (20) DAYS from the date of this order, the United States Marshals Service SHALL effect personal service of the subpoena, along with a copy of this order, upon the San Diego County Sheriff pursuant to Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

7. The United States Marshals Service is DIRECTED to retain a copy of the subpoena in its file for future use.

8. Within TEN (10) DAYS after personal service is effected, the United States Marshals Service SHALL file the return of service.

IT IS SO ORDERED.

Dated: **November 3, 2022**            /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

3