UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSTAFFA MANSOUR,<br><br>      Plaintiff,<br><br>    v.<br><br>CORECTIONAL OFFICER LUKEN,<br><br>      Defendant. | Case No. 1:22-cv-01054-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 21)<br><br>ORDER DIRECTING CLERK TO SERVE SAN DIEGO COUNTY SHERIFF AND SAN DIEGO'S OFFICE OF COUNTY COUNSEL WITH A COPY OF THIS ORDER |

      Mustaffa Mansour ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's Eighth Amendment excessive force claim against defendant Luken based on Plaintiff's allegations that on May 25, 2022, while on a San Diego County Sheriff's bus, defendant Luken hit Plaintiff and choked him even though there was no need to use force. (ECF Nos. 1, 24, 29, & 34).

      The Court allowed Plaintiff to issue a subpoena to the San Diego County Sheriff for the video recording from the San Diego County Sheriff's bus that was made on May 25, 2022, as well as for the list of inmates that were transported on that bus. (ECF No. 11). On December 5, 2022, Plaintiff filed what the Court construes as a motion to compel production of the video recording directed at the San Diego County Sheriff. (ECF No. 21).[1] On December 8, 2022,

---

[1] In this filing, Plaintiff states that he was provided with the list of inmates. Plaintiff also asks what he needs to do to serve them. It is not clear what Plaintiff is asking, and the Court does not provide legal advice to

1

Plaintiff filed what the Court construes as a supplement to his motion to compel.  (ECF No. 23).[2]  On December 30, 2022, the San Diego County Sheriff filed his opposition.  (ECF No. 26).  The opposition was re-served on Plaintiff on January 4, 2023, and March 1, 2023.  Plaintiff's motion to compel is now before the Court.

For the reasons that follow, the Court will deny Plaintiff's motion to compel.

**I.   DISCUSSION**

a.   <u>Plaintiff's Motion to Compel and Supplement</u>

On December 5, 2022, Plaintiff filed a motion to compel.  (ECF No. 21).  On December 8, 2022, Plaintiff filed a supplement to his motion.  (ECF No. 23).

Plaintiff alleges that he asked for video footage that was recorded on the bus, where the alleged excessive force incident occurred.  The San Diego County Sheriff's assertion that the bus did not have a camera is not true.  Plaintiff has lived in San Diego since 1993, and it is the only city where he has been arrested.  Plaintiff knows they have cameras.  The San Diego County Sheriff sent Plaintiff a duty log, and marked on that page where the cameras were.  The bus was brand-new (it was manufactured in 2022), and "they" install cameras in busses and vehicles.  Plaintiff knows for a fact that the San Diego County Sheriff is covering for the California Department of Corrections and Rehabilitation.

b.   <u>The San Diego County Sheriff's Opposition</u>

The San Diego County Sheriff argues that it fully complied with the subpoena.  The Sheriff did not produce video footage because no video footage exists.  In response to the subpoena, the Sheriff provided a declaration from Lieutenant Jesse Johns stating that the bus did not have a camera system and the deputies did not wear body cameras.

The Sheriff argues that Johns' declaration is not false, and provides an additional

---

litigants.  However, the Court will, at a later date, provide instructions regarding the filing of motions for the attendance of incarcerated witnesses at trial.

[2] The filings at ECF Nos. 21 and 23 are both in the format of a letter to the Court instead of a motion.  As the Court previously informed Plaintiff, this is improper.  (ECF No. 2, p. 2) ("A document requesting a court order must be styled as a motion.  Letters to the Court or a judge may be stricken/returned.").  While the Court has construed these filings as a motion to compel and a supplement and will address the motion to compel, the Court will not address unrelated issues raised in the supplement.

declaration from Johns stating that the bus was manufactured in 2007 and did not have a camera system.  The Sheriff also asserts that the copy of the Transportation Duty Log provided by Plaintiff contains handwritten notes added by Plaintiff, and attaches a copy of the log he provided to Plaintiff.

Accordingly, the Sheriff argues that the motion should be denied.

### c. Analysis

The Court will deny Plaintiff's motion.  While Plaintiff alleges that the bus had cameras, Plaintiff did not submit any competent evidence to support the assertions in his motion or supplement.  Neither Plaintiff's motion nor his supplement is signed under penalty of perjury.  Moreover, the Sheriff has submitted evidence that after a thorough search no responsive records were found, that the bus did not have cameras, that the Duty Log submitted by the Sheriff did not include any handwritten notes, and that the bus was manufactured in 2007 not 2022.  (ECF No. 26, pgs. 11, 22, & 31).

Given that the only competent evidence before the Court shows that the Sheriff conducted a thorough search and that no responsive records were found because the bus did not have a camera system installed, the Court will deny Plaintiff's motion to compel.  The Court cannot compel the Sheriff to produce documents that do not exist.

## II. ORDER

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's motion to compel (ECF No. 21) is DENIED; and
2. The Clerk of Court is directed to serve a copy of this order by mail on:
    a. The San Diego County Sheriff, John F. Duffy Administrative Center, P.O Box 939062, San Diego, CA 92193-9062; and

\\\
\\\
\\\
\\\
\\\

    b. San Diego's Office of County Counsel, 1600 Pacific Highway, Room 355, San Diego, CA 92101.

IT IS SO ORDERED.

Dated:   **April 18, 2023**        /s/ Erica P. Grosjean
                 UNITED STATES MAGISTRATE JUDGE