UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSTAFFA MANSOUR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CORRECTIONAL OFFICER LUKEN,<br><br>　　　　　Defendant. | Case No. 1:22-cv-01054-JLT-EPG (PC)<br><br>ORDER RE: PLAINTIFF'S MOTION REQUESTING SUBPOENAS FOR VIDEO RECORDING OF SAN QUENTIN CORRECTIONAL OFFICERS DATED JULY 18, 2024, AND ON SCC JAMESTOWN<br><br>(ECF No. 59) |

　　　　Mustaffa Mansour ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's claim against Defendant Luken[1] for excessive force in violation of the Eighth Amendment. (ECF No. 24). The underlying use of force incident giving rise to Plaintiff's claim took place at North Kern State Prison on May 25, 2022. (ECF No. 1).

　　　　Now before the Court is Plaintiff's motion requesting the following: (1) a subpoena for video footage allegedly depicting acts of retaliation by San Quentin State Prison correctional officers on July 18, 2024; and (2) a subpoena on SCC Jamestown[2]. (ECF No. 59). Specifically, Plaintiff's motion states in the caption[3], "I am requesting another retaliation subpoena[4] for SCC

---

[1] The spelling of Defendant Luken's name has been inconsistent throughout the record, with "Luken" and "Lucken" used.
[2] The Court believes Plaintiff is referring to the CDCR facility Sierra Conservation Center located in Jamestown, California.
[3] The recitation of the contents of Plaintiff's motion has been edited for clarity and punctuation.
[4] The Court notes that while Plaintiff states he is requesting "another" subpoena from SCC Jamestown, the

1

Jamestown, for losing all my property witness info and family contacts to my witness." (*Id.* at 1). The motion then requests:

> Plaintiff, Mustaffa Mansour (BS3499) at San Quentin State Prison is requesting to proof lots of (CDCR) misconducts retaliations through write ups I've received and video footage. Plaintiff has a court date of Aug 23, 2024, at 9:00 a.m., for Defendant Luken deposition. (CDCR) retaliated bad enough that I'm in a E.O.P. Mental Program, from Fire Camp . . . .
>
> I, Mustaffa Mansour (BS3499), respectfully ask the courts to grant me "subpoenas" on San Quentin State Prison and SCC Jamestown based on evidence of retaliations.

ECF No. 1 at 1-2.

Initially, the Court notes that the claim proceeding in this case involves an incident that occurred at North Kern State Prison with a correctional officer employed there. However, Plaintiff's motion is requesting video footage concerning correctional officers at San Quentin State Prison, as well as a subpoena on SCC Jamestown[5]. Additionally, the video footage Plaintiff requests is from an incident dated July 18, 2024, almost two years after Plaintiff commenced this action. Accordingly, Plaintiff's motion does not seek information relevant to any claims or defendants proceeding in this action. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."); *See also* ECF No. 53, at 3 (requiring the parties to serve copies of documents and evidence in their possession, custody, or control, which have not already been produced, including, "[v]ideo recordings and photographs *related to the incident(s) at issue in the complaint*, including video recordings and photographs of Plaintiff taken following the incident(s)." (footnote omitted) (emphasis added)).

On a separate matter, Plaintiff's motion requests video footage regarding an incident at San Quentin State Prison approximately one month ago, but states that he is, "in a E.O.P. Mental Program, From Fire Camp." (ECF No. 59, 1). It is thus unclear from

---

Court did not previously grant such a subpoena. As of the date of this order, the only subpoena request Plaintiff has submitted to the Court was a subpoena *duces tecum* on the San Diego County Sheriff, which was granted. (ECF Nos. 10, 11).

[5] Although it appears that on two occasions Plaintiff was moved to Sierra Conservation Center in Jamestown, Plaintiff has not alleged any claims against staff at that facility. (*See* ECF Nos. 9, 35).

Plaintiff's motion where he is currently located. The Court reminds Plaintiff that if his address changes, he must keep the Court updated by filing a notice of change of address. L.R. 183(b).

Accordingly, IT IS ORDERED:

1. Plaintiff's motion requesting subpoenas to produce video footage of San Quentin State Prison correctional officers, dated July 18, 2024, and on SCC Jamestown, is DENIED.
2. Should Plaintiff change addresses, he is directed to file a notice of change of address with the Court, pursuant to Local Rule 183(b).

IT IS SO ORDERED.

Dated: **August 28, 2024**         /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE

3