UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSTAFFA MANSOUR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NORTH KERN STATE PRISON, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-01054-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT<br><br>　(1) THIS CASE BE DISMISSED WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO PROSECUTE THIS CASE; AND<br><br>　(2) DEFENDANT'S MOTION TO ISSUE AN ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED BE DENIED<br><br>(ECF No. 91)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

　　　　Plaintiff Mustaffa Mansour proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　Given that Plaintiff has failed to update his address and prosecute this case, the Court will recommend that this case be dismissed without prejudice.

　　　　Additionally, the Court will recommend that Defendant's "Motion to Issue an Order to Show Cause Why the Case Should Not be Dismissed" (ECF No. 91) be denied as unnecessary.

\\\

\\\

1

**I.  BACKGROUND**

This case proceeds on Plaintiff's claim for Eighth Amendment excessive force against Defendant Luken.  (*See* ECF No. 34).

After the deadline for the parties to file motions for summary judgment passed without either party filing a motion for summary judgment, the Court issued a Second Scheduling Order setting deadlines through trial on December 2, 2025.  (ECF No. 87).  However, on June 12, 2025, that scheduling order was returned with the following notation on the docket: "MAIL RETURNED as Undeliverable, Return to Sender, Paroled/Discharged: 87 Scheduling Order, sent to Mustaffa Mansour at PO Box 8101, San Luis Obispo, CA 93409. Notice of Change of Address due by 7/21/2025."

On August 6, 2025, Defendant filed a "Motion to Issue an Order to Show Cause why the case should not be dismissed."  (ECF No. 91).  In the memorandum in support of the motion, Defendant states that "[s]ince Plaintiff's release from California Department of Corrections and Rehabilitation (CDCR) custody on April 22, 2025, Plaintiff has not updated his address with the Court or otherwise participated in the litigation of this case at all." (ECF No. 91-1 at 2).  Defendant argues that pursuant to Federal Rule of Civil Procedure 41(b), and *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2022), this case should be dismissed.  (*Id.* at 2-6).  Defendant further argues that Plaintiff was required to update his address within thirty (30) days pursuant to Local Rule 183(b).  (*Id.* at 6).

On August 7, 2025, Defendant filed an *ex parte* application to stay the pre-trial deadlines set by the Court's May 27, 2025, Second Scheduling Order.  (ECF No. 92).  As cause for that request, Defendant reiterated that Plaintiff had not updated his address and was in violation of this Court's order.  On August 8, 2025, the Court ordered that "Defendant's ex parte application (ECF No. 92 ) is granted to the extent that all unexpired pretrial deadlines and upcoming court proceedings are VACATED, to be reset at a later date if necessary."  (ECF No. 93).

Notably, Plaintiff was previously provided an informational order, which advised him as follows:

> A. A pro se plaintiff must keep the Court and opposing parties informed of the party's correct current address. Local Rule 182(f). If a party moves to a different address without filing and serving a notice of change of address, documents served at a party's old address of record shall be deemed received even if not actually received. Id.

(ECF No. 3 at 5).

Plaintiff's last participation in this case was during the settlement conference on February 20, 2025.

## II.   LEGAL STANDARDS

The Eastern District of California Local Rules provide:

> Change of Address. Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. . . .
>
> Address Changes. A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

E.D.C.A. Local Rule 182(f) and 183(b).

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

## III.   ANALYSIS

The Court will recommend that this case be dismissed without prejudice for failure to prosecute.

Plaintiff has failed to update his address since at least June 2, 2025, when the Court's Second Scheduling order was returned as "Undeliverable, Return to Sender, Paroled/Discharged." Thus, more than 80 days have passed since Plaintiff's mail was returned, and Plaintiff has failed to update the Court with his current address. Moreover, Plaintiff has not

made a filing or otherwise participated in this case since February 20, 2025, more than six months ago.

The Court now considers relevant factors as to whether dismissal without prejudice is warranted.

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." (*Id.*).  Plaintiff has failed to keep the Court informed of his current address as required by the Court's order and this district's Local Rules.  This failure is delaying this case and interfering with docket management.  Notably, the Court had to vacate all deadlines in this case because of Plaintiff's failure to advice the Court of his address. (ECF Nos. 91, 92).  The case cannot proceed without participation of Plaintiff.  Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to keep the Court informed of his current address that is causing delay and preventing this case from progressing.  Moreover, Defendant has represented that Plaintiff left CDCR custody on April 22, 2025.  Given that Plaintiff has failed to update his address in the four months following his release, it is even more likely that Plaintiff does not intend to prosecute this case, rather than merely having a brief delay in updating his address with the Court.

Additionally, Defendant will also be prejudiced if the case proceeds without Plaintiff's participation because the next stages in the case are the pre-trial and trial proceedings.  If those were to proceed, Defendant would be required to expend significant resources and time to

prepare for trial without knowing whether Plaintiff intends to proceed with this case, or with a trial at all. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has stopped prosecuting this case, despite being warned of possible dismissal, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use. And as Plaintiff has stopped prosecuting this case, excluding evidence would be a meaningless sanction. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

### IV.   DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE

Because the Court lacks a current address to send any Order to Show Cause to Plaintiff, and because these Findings and Recommendations will allow for Plaintiff to file objections if he reviews the Court's docket, the Court finds that an order show cause why this case should not be dismissed is unnecessary.

Therefore, the Court will recommend that Defendant's "Motion to Issue an Order to Show Cause Why the Case Should Not be Dismissed" (ECF No. 91) be denied because it is unnecessary.

### V.   CONCLUSION

Accordingly, **IT IS RECOMMENDED** that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to prosecute;
2. Defendant's "Motion to Issue an Order to ShowCause Why the Case Should Not be Dismissed" (ECF No. 91) be denied; and
3. The Clerk of Court be directed to close this case.

5

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 22, 2025**                     /s/ Erica P. Grosjean
                                                                  UNITED STATES MAGISTRATE JUDGE